(55 South. 735.)

No. 18,944.

Succession of RICHARDSON.

(June 29, 1911.)

*(Syllabus by the Court.)*

1. JUDICIAL SALES (§ 27*)—TITLE BY ESTOPPEL.

Titles by estoppel are not favored in law, and courts cannot be expected to decide in advance that the title of a third party has been divested by estoppel. Such titles are suggestive of future litigation, and therefore cannot be forced on an unwilling adjudicatee at public sale.

[Ed. Note.—For other cases, see Judicial Sales, Cent. Dig. § 99; Dec. Dig. § 27.*]

2. JUDICIAL SALES (§ 27*)—TITLE BY PRESCRIPTION.

An alleged title by the prescription of 10 years is suggestive of future litigation, where the record discloses that the possessor had knowledge or the means of knowledge of the outstanding title before purchasing the property.

[Ed. Note.—For other cases, see Judicial Sales, Cent. Dig. § 99; Dec. Dig. § 27.*]

Appeal from Civil District Court, Parish of Orleans; Thomas C. W. Ellis, Judge.

In the matter of the Succession of Ida A. Richardson. On sale of the property to pay debts, certain real estate was adjudicated to Charles A. Farwell. On his refusal to take the property, a rule to accept title was made absolute, and Farwell appeals. Reversed, and rule discharged.

Rouse, Grant & Grant, for appellant Charles A. Farwell. Dinkelspiel, Hart & Davey, for appellee J. Porter Parker.

LAND, J. Certain real estate purporting to belong to the succession of Mrs. Ida Richardson was sold, under order of court, at public auction for the purpose of paying debts, and was adjudicated to Charles A. Farwell for the price of $20,000. The said purchaser refused to take the property on account of certain alleged defects in the title of the decedent. Thereupon the executor of the estate took a rule on said adjudicatee to compel him to accept title.

The rule was made absolute, and the defendant therein has appealed.

It appears to be conceded that Mrs. Ida Richardson never acquired by purchase the one twenty-first interest in the property which belonged to Mrs. Octavia W. Richardson of New Jersey. It is, however, contended by counsel for the estate that Mrs. Ida Richardson acquired said property by estoppel of record in certain partition proceedings instituted by her against Mrs. Octavia W. Richardson, as the foreign guardian of her minor son, Alphyon Perry Richardson, and also by prescription.

It appears that Mrs. Ida Richardson, widow, after having acquired by purchase from the heirs of her husband interests in said property, amounting to twenty twenty-firsts, instituted a partition suit against Alphyon Perry Richardson, a nonresident minor, as the owner of the remaining one twenty-first interest. R. L. Tullis, Esq., attorney at law, was appointed as tutor ad hoc to represent the absent minor. Later Mr Tullis was made a party to the suit as the attorney in fact and agent of Mrs. Octavia W. Richardson, the guardian of said minor in the state of New Jersey. Mr. Tullis' mandate fully empowered him to represent said guardian in said partition proceedings, and to do and perform all acts necessary to effect a partition of all the property owned in common by the parties to the suit. There was filed with the mandate in the partition suit a copy of the last will of Richard H. Richardson and of the decree probating the same in New Jersey. Mr. Tullis answered as agent and attorney in fact of said guardian, and admitted the minor's ownership of one twenty-first part of the property to be partitioned as alleged by the plaintiff. Judgment ordering a partition was rendered in due course, and the property was sold at public auction and adjudicated to Mrs. Ida A. Richardson.

[1, 2] It appears that Richard H. Richardson, one of the brothers and heirs of Dr. Tobias G. Richardson, and the husband of Mrs. Octavia W. Richardson, inherited a one-seventh interest in the estate of Dr. Richardson, and dying left two major children and the minor Alphyon, who, however, were disinherited by his last will, devising and bequeathing all of his property, real and personal, to his surviving wife, Octavia. But the said three children, as forced heirs, inherited two-thirds of his interest in the real estate inherited by him from Dr. Richardson. Mrs. Ida A. Richardson assumed that each of the three children owned one twenty-first interest in said real estate, and purchased the interest of the two majors on that basis. But, as forced heirs, each of them inherited an interest amounting to one-third of two-thirds of one-seventh, leaving one-third of one-seventh to their mother, as universal legatee. It is not claimed that the mother has ever estopped herself to deny that the majors each owned one-third of one-seventh of the property in question, but the contention is confined to the one twenty-first interest of the minor involved in the partition proceedings. The estoppel pleaded would, therefore, affect only the difference between one-third of two-thirds of one-seventh and one-third of one-seventh. The guardian did not authorize her agent to represent her individual interest in the property. The plaintiff herself was mistaken as to the interest of the minor in the property, and the agent of the guardian merely admitted the interest as alleged by the plaintiff. As to the sales made by her major children prior to the partition proceedings, there is nothing in the record to estop Mrs. Octavia Richardson to deny the extent of the interest conveyed by them to the decedent. Titles by estoppel are not favored in law, and the court can hardly be expected to decide in advance that the

title of a person, not a party to the suit, has been divested by estoppel. Such a judgment would not protect the purchaser against future litigation. We have no hesitation in concluding that the title tendered is suggestive of a future lawsuit. The only way in which the adjudicatee can be protected is by the purchase of the outstanding title. The answer to the claim of title by prescription is that the title of the true owner was disclosed in the partition proceedings.

It is therefore ordered that the judgment below be reversed, and it is now ordered that the rule be discharged, and that the succession pay costs in both courts.